IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rasheed Tamir Glover,<br><br>        Petitioner,<br><br>v.<br><br>Shane Jackson, Warden,<br><br>        Respondent. | C/A No. 9:23-cv-3391-SAL<br><br><br>**ORDER** |

Rasheed Tamir Glover ("Petitioner") is a state prisoner who filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 28.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment, ECF No. 14, and denying the petition. *Id.* Petitioner, who is represented by counsel, has filed objections to the Report. [ECF No. 29.] For the reasons outlined below, the court adopts in part and rejects in part the Report. As to Respondent's motion for summary judgment, the court grants it in part and denies it in part.

## BACKGROUND

The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for purposes of this order, an abbreviated history will suffice.

In March 2015, a Horry County grand jury indicted Petitioner for armed robbery. In October 2015, Petitioner failed to appear for trial before the Honorable R. Ferrell Cothran. The trial went forward in Petitioner's absence, and he was convicted by a jury. Attorney Johnny Gardner represented Petitioner at trial. Judge Cothran issued a sealed sentence to be read to

1

Petitioner upon his arrest. On March 15, 2016, Petitioner appeared before the Honorable Steven H. John to be sentenced. Judge John read the twenty-five-year sentence into the record, but because trial counsel could not be in court that day, the sentencing was continued. On March 17, 2016, the parties returned to court. At that time, Judge John denied the post-trial motions raised by trial counsel, including the request to reconsider Petitioner's sentence.

Petitioner appealed by way of an *Anders*[1] appeal, which was dismissed by the South Carolina Court of Appeals.

In May 2018, Petitioner filed a pro se post-conviction relief ("PCR") application, which was subsequently amended by PCR counsel to raise five grounds for relief (one with multiple parts). Following an evidentiary hearing, a state court denied the PCR application and dismissed it with prejudice.

Petitioner appealed that decision, raising a single issue: "Whether the lower court erred for failing to find counsel provided ineffective assistance during the sentencing and post-trial motion hearings and that prejudice resulted." [ECF No. 13-4 at 1, 3.] The case was transferred to the South Carolina Court of Appeals, and that court denied the petition for writ of certiorari. The remittitur was issued and filed in June 2023.

Petitioner initiated this action on July 15, 2023, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On November 6, 2023, Respondent filed a motion for summary judgment, which is fully briefed. [ECF Nos. 14, 19, 20.] On April 10, 2024, the magistrate judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment. [ECF No. 28.] Petitioner filed objections to the Report on April

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

2

24, 2024, which Respondent replied to on May 8, 2024. [ECF Nos. 29, 30.] Thus, the matter is now ripe for consideration by this court.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life &*

*Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

**DISCUSSION**

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The court adopts those here. The magistrate judge recommends that the court grant Respondent's motion for summary judgment. [ECF No. 28 at 13–25.] Petitioner objects. The court agrees with the recommended disposition of this case, but this is quite a tangled knot.

The § 2254 petition filed by Petitioner raises a *single* ground for habeas relief—"[t]he lower court (state court) erred by failing to find counsel provided ineffective assistance during sentencing and posttrial motion hearings, and prejudice resulted." [ECF No. 1 at 6.] However, for reasons that are unclear to the court, Respondent moved for summary judgment on the five grounds raised in Petitioner's PCR application rather than the single ground raised in the habeas corpus petition. [ECF No. 15 at 8–19.][2] In response to the motion for summary judgment, Petitioner followed Respondent's lead and briefed the reasons he believes he is entitled to relief on his five PCR application grounds. [ECF No. 19 at 17–26.]

The problem is that these five PCR grounds are not properly before the court—they were not raised in the § 2254 petition, and the court is unaware of any law that would allow Respondent to raise them on Petitioner's behalf. Further, even to the extent Petitioner's response to the motion for summary judgment asks the court to "grant the Petition in this action, based on the arguments

---

[2] The petition excerpts five PCR grounds in an addendum attached to the § 2254 form but not as grounds for habeas relief. *See* ECF No. 1 at 17 (quoting five PCR grounds in response to question 11(a)(5) of the § 2254 form, which asks for "Grounds raised" in any petitions, applications, or motions concerning Petitioner's judgment in state court).

4

presented herein, and in Petitioner's prior filings and arguments in this proceeding[,]" ECF No. 19 at 26, Petitioner cannot raise new grounds in his response in opposition to the motion for summary judgment. It is well-settled in this district that new matters cannot be raised in such a response. *See White v. Roche Biomedical Labs., Inc.*, 807 F Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"); *Neumon v. Cartledge*, C.A. No. 8:14-cv-2256-RMG, 2015 WL 4607732, at *9 n.9 (D.S.C. July 31, 2015) (applying *Roche* in a Section 2254 habeas corpus action).

So, the only issues that are properly before this court relate to alleged "ineffective assistance during sentencing and post-trial motions hearings"—again, the single articulated habeas ground. [ECF No. 1 at 6.] Grounds One, Two, and Three of the PCR application do not fall into that realm, as those grounds relate to trial counsel's representation prior to and at the beginning of trial. *See* ECF No. 1 at 17 (quoting PCR claims of ineffective assistance of counsel regarding plea negotiations (Ground One), advice regarding being tried in absentia (Ground Two), and failure to move for a continuance or object to trial in absentia (Ground Three)). Accordingly, none of these grounds are properly before the court in this § 2254 action. The court is unaware of any law that would allow it to grant summary judgment as to grounds not raised in the habeas petition. Thus, Respondent's motion to grant summary judgment, ECF No. 14, is denied in part. The court must also reject the Report's recommended disposition of these claims.[3]

Having established what is *not* before the court in this habeas action, the court turns to what claims are properly before the court. Arguably, Grounds Four and Five of Petitioner's PCR application correspond to the single ground he raised in his § 2254 petition—ineffective assistance

---

[3] Petitioner objected to the magistrate judge's findings regarding Grounds One, Two, and Three, but, for the reasons discussed above, Petitioner's objections are moot. Grounds One, Two, and Three of Petitioner's PCR application have not been raised as habeas grounds.

5

of counsel in sentencing and post-trial motions. *Cf.* ECF No. 1 at 6 & 17. The magistrate judge analyzed those issues under the applicable standards, recommended summary judgment be granted, and no party has objected to that disposition. *See* ECF Nos. 28 at 18–25; 29; 30. The court finds no clear error in the Report and adopts it with respect to these grounds. Accordingly, the court grants, in part, Respondent's motion for summary judgment, ECF No. 14.

Left to be untangled is the only objection that remains: Petitioner's objection to the magistrate judge's procedural default analysis. An issue, frankly, created by the Respondent who argued issues on summary judgment which were not raised by Petitioner in his habeas petition. This objection is also moot based on the court's other findings, but, out of an abundance of caution, the court addresses the positions taken by the parties in this case. Both parties are incorrect in their positions. As explained in the Report, any grounds that were not raised in Petitioner's PCR appeal are arguably procedurally defaulted. [ECF No. 28 at 12–13 n.5.] Petitioner objects to that conclusion. [ECF No. 29 at 1.] He incorrectly claims "that all of [his] claims were raised and discussed in the state court Petition for Writ of Certiorari." *Id.* (citing ECF No. 13-4 at 9–10). In response, Respondent declines to take a position, ECF No. 30 at 1, but he previously—and incorrectly—claimed the grounds raised in Petitioner's PCR action but not in his subsequent merits appeal were "properly exhausted" and "ripe for consideration[,]" ECF No. 15 at 11. Thankfully, the magistrate judge articulated the correct law. The law is clear that grounds must be raised to the state's appellate courts in order for them to be properly preserved for federal habeas corpus review.[4] *Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021) ("[A] claim is procedurally barred if

---

[4] A potential exception to this is when the petition for writ of certiorari in a PCR appeal is filed pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *See Collins v. Kendall*, C/A No. 6:22-660-SAL-KFM, 2022 WL 17253876, at *10–11 (D.S.C. Sept. 12, 2022) (explaining differing treatment within this district of claims not raised in *Johnson* petitions or pro se briefs), *adopted by*

the petitioner 'fail[s] to raise [it] in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision.'"); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (explaining that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" in order to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Again, Petitioner seems to argue that his petition for writ of certiorari raised all of his PCR claims by reference. *See* ECF No. 29 at 1. Not so. Like his § 2254 petition, Petitioner's petition for writ of certiorari in his PCR appeal only raised claims related to sentencing and post-trial motions. *See* ECF No. 13-4. Thus, all other claims were procedurally defaulted. The court reiterates that this analysis and Petitioner's objection ultimately have no bearing on this case. First, as explained above, none of the arguably procedurally defaulted claims have been properly raised in this habeas action. Second, since Respondent did not raise procedural bar, and that defense can be waived, the magistrate judge considered the merits of those grounds and ultimately found them to be without merit.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a de novo review of each part of the Report to which Petitioner specifically objected, the court hereby adopts in part and rejects in part the Report and Recommendation, ECF No. 28. Further, as detailed above, Respondent's motion for summary

---

C/A No. 6:22-660-SAL, 2022 WL 17253579 (D.S.C. Nov. 28, 2022). However, here, Petitioner had a merits appeal not a *Johnson* appeal.

judgment, ECF No. 14, is granted in part and denied in part. Ultimately, the petition, ECF No. 1, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

June 18, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."